[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this action seeking to recover loans she alleges were made to her son, the first named defendant, and her son's wife, the second named defendant, over a period of time.
The defendants both admit that there is a balance due to the plaintiff for a loan of $15,000 made to both defendants to buy their first home in Darien. The defendant, Irma, concedes that $6,000 remains due.
On all these loans the court can find no reliable evidence that any interest rate was ever agreed upon.
The court found it persuasive that the plaintiff lent no money for the purchase of Shady Acres. The plaintiff admitted no money was advanced to either defendant in 1987, the year the home was purchased. In fact, the plaintiff's own Exhibit #1 records $4,000 repaid in 1987.
Throughout the series of transactions that the plaintiff claims were loans to both defendants, all of the checks offered as CT Page 6954 proof (plaintiff's Exhibit #3) are payable to Richard O. Johnson only, except for one electronic transfer made October 12, 1990 of $10,000 to "Richard Johnson or Irma Johnson" (plaintiff's Exhibit #5).
The plaintiff offered the "Personal Financial Statement" prepared by the defendant Richard O. Johnson on February 8, 1991 for Union Trust at the bank's request (plaintiff's Exhibit #6) and signed by both defendants. Under "Liabilities" there is listed "Loan from Parents $40,000." This is ambiguous and does not establish that the defendant, Irma Johnson, adopted or promised to repay the listed items. The same analysis applies to plaintiff's Exhibit #8 dated September 12, 1993.
The plaintiff's amended complaint alleges unjust enrichment in failing to repay the loans. The third and fourth counts deal with six carpets the plaintiff claims to have loaned the defendants. The Bijar rug is now in the possession of the defendant, Richard Johnson, and it is alleged the remaining five rugs are with the defendant, Irma Johnson. The plaintiff kept them insured (plaintiff's Exhibit #9) and demanded their return (plaintiff's Exhibit #10). The plaintiff's claim is that the rugs were displayed in the defendants' home to enhance the house's appeal while it was on the market for sale. There is nothing in the record to convince the court that either defendant acted as an owner of the rugs, such as insuring them or offering them for sale with the house as an option as is sometimes done.
The court concludes the rugs were on loan. They are ordered returned to the plaintiff. Judgment for the plaintiff on the third count.
On the first count, judgment is entered in favor of the plaintiff and against the defendant, Richard O. Johnson, for $58,000 damages and against the defendants jointly for $6,000.
The second count is dismissed as unproven and now moot.
The fourth count will require a hearing in damages if the rugs are not returned by July 10, 1995.
HARRIGAN, J. CT Page 6955